IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 6 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02205-OES

HERMAN BARNES, JR.,

    Applicant,

v.

R. WILEY, Warden,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant Herman Barnes, Jr., is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Barnes has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court must construe the application liberally because Mr. Barnes is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Barnes will be ordered to file an amended pleading.

The Court has reviewed the application filed in this action and finds that the claims Mr. Barnes asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v.*

***Rodriguez***, 411 U.S. 475, 484 (1973). Mr. Barnes is not challenging the validity of his conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. Mr. Barnes specifically complains about his medical treatment. As relief he seeks medical treatment for arthritis.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. ***See, e.g., Richards v. Bellmon***, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Barnes raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Barnes is reminded that he must allege facts in the Prisoner Complaint that demonstrate how each Defendant personally participated in the asserted violations of his rights. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Barnes must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, Mr. Barnes must demonstrate in the amended pleading that he has exhausted BOP administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o

action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Barnes must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Barnes has not exhausted administrative remedies with respect to each claim he asserts, the entire action must be dismissed.

Finally, the Court notes that Mr. Barnes has filed a motion and affidavit to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and that he has not yet been granted leave to proceed pursuant to § 1915 in this action. However, because Mr. Barnes's claims properly are asserted in a civil rights action, he must pay the $250.00 filing fee. **See** 28 U.S.C. § 1915(b)(1). Alternatively, he may file an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and, if appropriate, be granted leave to proceed pursuant to § 1915 and allowed to pay the filing fee in installments. **See** 28 U.S.C. § 1915(b)(1) and (2). Accordingly, it is

ORDERED that Mr. Barnes file **within thirty (30) days from the date of this order** an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Barnes, together with a copy of this order, two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that Mr. Barnes submit sufficient copies of the amended pleading to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Barnes fails within the time allowed to file an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or to file an original and sufficient copies of an amended pleading that complies with this order to the Court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 6 day of December, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02205-OES

Herman Barnes, Jr.
Reg. No. 22698-086
USP-MAX
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and a Prisoner Complaint** to the above-named individuals on _12-6-05_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk